IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) C.A. No. 2:22-2679-RMG |
|     vs. | ) |
| | ) |
| Massage Envy Franchising, LLC; | ) |
| Massage Envy Wescott; PGD | ) |
| Investments, Inc.; Robert W. Lee; | ) |
| Catherine H. Lee; ABC, Inc. 1-10 | ) **ORDER** |
| (fictitious entities); and Johns Does | ) |
| 1-10 (fictitious persons) | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| _____ | ) |

This matter is before the Court on Plaintiff's motion to remand this action to the Dorchester County of Common Pleas. (Dkt. No. 7). Defendants oppose the motion. Central to the argument of Defendants opposing remand is that one of the named Defendants, Massage Envy Wescott, is a trade name and that the proper entity, JamDaz, LLC, has not been named or served by Plaintiff. (Dkt. No. 12 at 1, 5). Plaintiff alleged in her complaint that Massage Envy Wescott is a "South Carolina corporation with its principal place of business located in Dorchester County, South Carolina." (Dkt. No. 1-1 at 5).

A fair reading of the complaint indicates that Plaintiff intended to name as a party to this action the business entity that employed the person who she alleges sexually assaulted her. Plaintiff acknowledges in her motion for remand that the party named, Massage Envy Wescott, "is incorporated under another name." (Dkt. No. 7 at 9). This raises the prospect that Plaintiff may seek to name JamDaz, LLC as a party to this action. Where an action is removed to federal

1

court on the basis of diversity jurisdiction, the subsequent joinder of a nondiverse party would destroy the Court's subject matter jurisdiction. 28 U.S.C. § 1447(e).

Therefore, prior to the Court addressing the pending motion for remand, the Court directs Plaintiff to advise the Court within 10 days of this Order whether she seeks to add JamDaz, LLC as a party to this action. If the response is in the affirmative, Defendants are directed to advise the Court within 10 days thereafter of the full names, addresses, and citizenship of all members of JamDaz, LLC.[1] If Plaintiff advises the Court that she intends to seek to have JamDaz, LLC joined as a party to this action and Defendants inform the Court that at least one member of the LLC is a citizen of South Carolina but they nonetheless oppose the joinder of JamDaz, LLC, it will then be necessary for the parties to address the issue of whether that joinder should be granted or denied under the standards set forth in *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999). The briefing of this issue shall be on the following schedule:

1. Plaintiff shall file a brief in support of joinder within 10 days of being advised that one or more members of JamDaz, LLC is a citizen of South Carolina;

2. Defendants shall file a memorandum in opposition within 10 days thereafter.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 9, 2023

---

[1] For purposes of determining citizenship under 28 U.S.C. § 1332, the citizenship of an LLC is determined by the citizenship of its members. *Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Charleston, South Carolina