**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jane Doe,<br><br>              Plaintiff,<br>    v.<br><br>Massage Envy Franchising, LLC; Massage Envy Wescott; PGD Investments, Inc.; Robert W. Lee; Catherine H. Lee; ABC, Inc. 1-10, *fictitious entities*; and John Does 1-10, *fictitious persons*.<br><br>              Defendants. | Civil Action No. 2:22-cv-02679-RMG<br><br>**ORDER AND OPINION** |

Before the Court are Plaintiff's motions to remand (Dkt. No. 7) and amend (Dkt. No. 28). Defendants oppose Plaintiff's motions to remand (Dkt. No. 12) and amend (Dkt. No. 29). For the reasons stated below, the Court **GRANTS** the motion to amend and **REMANDS** the action to the Court of Common Pleas for Dorchester County, South Carolina.

**I.    Background**

Plaintiff Jane Doe initiated this action in the Court of Common Pleas for Dorchester County, South Carolina on July 1, 2022. (Dkt. No. 1-1). Plaintiff brings claims for negligence, infliction of emotional distress, and violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"). (*Id.*). Plaintiff's allegations arise from her alleged sexual assault by a massage therapist on July 3, 2019. (Dkt. No. 28 at 1).

On August 12, 2022, Defendants removed the action to federal court based on diversity jurisdiction. (Dkt. No. 1 at 2). On September 9, 2022, Plaintiff filed a motion to remand. (Dkt. No. 7). On September 23, 2022, Defendants opposed the motion. (Dkt. No. 12). Defendants

1

made clear that Plaintiff had failed to sue the proper party—JamDaz, LLC—because Defendant Massage Envy Wescott "is nothing more than a trade name, a legal nullity." (*Id.* at 1).

On January 9, 2023, the Court ordered (1) "Plaintiff to advise the Court . . . whether she seeks to add JamDaz, LLC as a party to this action"; (2) Defendants to advise the Court "of the full names, addresses, and citizenship of all members of JamDaz, LLC"; and (3) both parties to address whether "joinder should be granted or denied under the standards set forth in *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999)." (Dkt. No. 17 at 2).

On March 3, 2023, Plaintiff filed a motion to amend her complaint. (Dkt. No. 28). On March 17, 2023, Defendants opposed. (Dkt. No. 29). The matter is ripe for the Court's review.

## II. Legal Standard

### A. Amendment

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to "amend its pleading once as a matter of course." Otherwise, a party may amend "with the opposing party's written consent or with the court's leave. The court should feely give leave when justice so requires." FED. R. CIV. P. 15(a). Along with cases filed directly in federal court, federal "courts retain discretion to order amendment even in diversity cases removed from state court." *Tucker v. Massage Envy Franchising, LLC,* 584 F. Supp. 3d 174, 177 (E.D. Va. 2022).

"When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A district court cannot "retain

2

jurisdiction once it permits a nondiverse defendant to be joined in the case." *Mayes*, 198 F.3d at 462.

Under 28 U.S.C. § 1447(e), "the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court." *Id.* In *Mayes v. Rapoport*, the Fourth Circuit counseled that district courts are entitled to consider "all relevant factors, including: [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." 198 F.3d at 462.

  B. Remand

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939) (citations omitted). "On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Gallagher v. Fed. Signal Corp.,* 524 F. Supp. 2d 724, 726 (D. Md. 2007) (citation omitted). If there is any doubt regarding the existence of federal jurisdiction, the case must be remanded. *Md. Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)).

**III.     Discussion**

  A.  Plaintiff's Motion to Amend is Granted.

  The parties filed additional briefing to address whether under the factors set forth in *Mayes v. Rapoport*, the Court may permit joinder of non-diverse Defendant JamDaz, LLC. 198 F.3d 457, 461-463 (4th Cir. 1999).  The Court will analyze each *Mayes* factor in turn.

  1.  Whether the Proposed Amendment was to Defeat Federal Jurisdiction.

  The first *Mayes* factor examines whether the purpose of amending the complaint is to defeat jurisdiction.  Plaintiff argues that it seeks amendment "to simply correct the name of a party." (Dkt. No. 28 at 3).  Plaintiff provides that although she identified "Massage Envy Wescott" as a defendant, there is "no dispute that the business, JamDaz, LLC, operates as Massage Envy Wescott and operates out of the location where" the alleged assault took place.  (*Id.* at 2).  Defendants' main argument is that "Plaintiff had three years to figure out the proper entity to sue." (Dkt. No. 29 at 4).

  The Court finds that Plaintiff does not seek amendment primarily to defeat federal jurisdiction.  Plaintiff seeks to join JamDaz, LLC, as Defendant correctly points out, because Massage Envy Wescott "is not a legal entity capable of being sued." (*Id.* at 3).  Courts have recognized that amendments based on newly discovered information are often sought for legitimate purposes.  *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-cv-00417-MBS, 2014 U.S. Dist. LEXIS 205417, at * 20-21 (D.S.C. Mar. 7, 2014) (citing *Tye v. Costco Wholesale*, CIV.A. 2:05CV190, 2005 WL 1667597, at * 4 (E.D. Va. June 14, 2005) (finding no improper purpose where it was "only after further investigation into the circumstances surrounding plaintiff's claim that it became apparent that [the individual defendants] had played significant roles.").  Thus, the first factor favors permitting Plaintiff to amend her complaint.

2. Whether Plaintiff was Dilatory in Seeking Amendment.

The second *Mayes* factor examines whether a plaintiff was dilatory in seeking the amendment. To determine whether a plaintiff has been dilatory in asking for amendment, courts consider plaintiff's actions between the time plaintiff was aware of information potentially subjecting the defendant to liability and the filing of a motion to amend. *Boykin*, 2014 WL 12631658, at * 5. Plaintiff asserts that her joining JamDaz, LLC is based on information not previously known to it when she filed her action. (Dkt. No. 28 at 7-8). Furthermore, when Plaintiff was informed that JamDaz, LLC was the correct party, Plaintiff represents that she decided to argue the issue of remand first and then amend her complaint in the forum that would adjudicate the case. (*Id.*). As the Court previously stated, "[a] fair reading of the complaint indicates that Plaintiff intended to name as a party to this action the business entity that employed the person who she alleges sexually assaulted her." (Dkt. No. 17 at 1). Thus, the second factor favors permitting Plaintiff to amend her complaint.

3. Whether Plaintiff will be Significantly Injured if Amendment is not Allowed.

To determine whether a plaintiff will be significantly injured if amendment is not allowed, courts consider whether the plaintiff can be afforded complete relief from the existing defendants. *Boykin*, 2014 WL 12631658, at * 6. Both parties recognize that if amendment is not allowed, the statute of limitations could preclude Plaintiff from suing JamDaz, LLC. Thus, the third factor favors permitting Plaintiff to amend her complaint.

4. The Balancing of the Equities.

The fourth *Mayes* factor allows the Court to consider any other factors bearing on the equities. Here, the Court is presented with a case of alleged sexual assault. Plaintiff sued many parties, including Defendants Robert W. Lee and Catherine H. Lee, who Plaintiff believed to the

owners of Massage Envy Wescott. As it happens, Plaintiff incorrectly identified the business, which is correctly identified as JamDaz, LLC. Defendants, however, have been parties to the suit since the beginning. Accordingly, they cannot claim any prejudice.

Upon consideration of the *Mayes* factors, the Court, in its discretion, grants Plaintiff's motion to join JamDaz, LLC as Defendant to this action. This amendment relates back to the filing date of the original action. *See* FED. R. CIV. P. 15(c).

B. Plaintiff's Motion to Remand is Granted.

The forum-defendant rule requires this Court to remand this case back to state court now that JamDaz LLC has been joined. 28 U.S.C. § 1332(a) grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between. . . . citizens of different States." 28 U.S.C. § 1441(b), known as the "forum-defendant rule," explains that a "civil action removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The parties agree that Defendants JamDaz LLC, Robert W. Lee, and Catherine H. Lee are all citizens of South Carolina. The parties also agree that Plaintiff is a citizen of Virginia who filed this lawsuit in South Carolina state court. Defendants argue, however, that "jurisdiction is determined at the time the removal noticed is filed," and at that time, none "of the alleged forum Defendants had been properly joined or served." (Dkt. No. 29 at 6).

While it is true that Courts disagree as to the application of the forum-defendant rule when the forum defendant has not yet been served and that the Fourth Circuit has not addressed this issue, this "Court is persuaded by the opinions that find the literal application of § 1441(b)(2) is contrary to congressional intent and creates absurd results." *Turtle Factory Bldg. Corp. v.*

6

*McGrath Real Est. Holdings, LLC*, 2021 WL 688697, at *3 (D.S.C. Jan. 28, 2021). *See, e.g., Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).

The Court finds that the case should be remanded to state court.

## IV.    Conclusion

For the reasons stated above, Plaintiff's motions to amend (Dkt. No. 28) and remand (Dkt. No. 7) are **GRANTED**.  The Court **REMANDS** the action to the Court of Common Pleas for Dorchester County, South Carolina for adjudication on the merits.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

May 16, 2023
Charleston, South Carolina